**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| MARLON DONNELL MONROE, ) | |
| ID # 855781, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:13-CV-1574-D (BH) |
| ) | |
| RICK THALER, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

The petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice, filed a petition for habeas corpus relief under 28 U.S.C. § 2254 that was received on April 23, 2013. (*See* doc. 3.) On April 24, 2013, the Court issued a notice of deficiency and order notifying him that he had not paid the filing fee or submitted a motion for leave to proceed *in forma pauperis* (IFP) with a certificate of inmate trust account (CTA). (*See* doc. 4.) The petitioner was ordered to either pay the filing fee or submit an IFP motion within 30 days, and he was expressly warned that failure to do so could result in a formal recommendation that the case be dismissed. *Id.* More than 30 days from the date of the order have passed, but the petitioner has not paid the filing fee, submitted an IFP motion, or filed anything else in this case.

**II. INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an

action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Here, the petitioner has failed to comply with the order that he pay the filing fee or submit an IFP motion within thirty days. He has not filed anything else or otherwise shown that he intends to proceed with this case in federal court.

### III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the petitioner pays the filing fee or submits an IFP motion within the time for objection to this recommendation, or some other time set by the Court.

**SIGNED this 10th day of June, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE